**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA RUGE | ) | |
| | ) | Case No. 15-cv- 10865 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DELTA OUTSOURCE GROUP, INC., | ) | |
| | ) | <u>Jury Demanded</u> |
| Defendant. | ) | |

<u>**COMPLAINT**</u>

Plaintiff, Angela Ruge, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

<u>**VENUE AND JURISDICTION**</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

<u>**PARTIES**</u>

3.      Angela Ruge ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comenity Bank/Pacific Sunwear, consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4.      Defendant Delta Outsource Group ("Delta") is a Missouri Corporation that does or transacts business in Illinois. Its registered agent and office is Incorp Services, Inc., located at

901 S 2nd St., Suite 201, Springfield, Illinois 62704. (Exhibit A, Record from Illinois Secretary of State).

5.      Delta is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.      Defendant Delta is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7.      Plaintiff allegedly incurred a debt for goods and services used for personal purposes, originally for a Comenity Bank/Pacific Sunwear ("Comenity") consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8.      Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9.      Comenity charged off the account in May of 2015.

10.     Comenity ceased charging interest and late fees to Plaintiff on or about June, 2015.

11.     Comenity ceased sending statements to Plaintiff after June, 2015.

12.     Thus, Comenity has waived any right to collect interest on the alleged debt.

13.     The alleged debt was subsequently assigned, or otherwise transferred to Delta for collection after default.

14.     On or about August 27, 2015 Delta mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

15.     The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, account number and a current balance on the alleged debt.

16.     The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

17.     The Letter from Defendant Delta was a form letter.

18.     The Letter states, "Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

19.     Defendant was not authorized to add "interest" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

20.     Defendant was not authorized to add "late charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

21.     Defendant were not authorized to, and in fact did not, add "other charges" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

22.     The amount of the alleged debt sought from Plaintiff by Delta has not varied since June, 2015 when the balance of $814 was communicated to Experian by the original creditor on or about June 2015, two months prior to Defendant's Letter. (Exhibit C, Excerpt from Experian Credit Report showing original creditor tradeline).

23.      As a standard practice, the original creditor, Comenity waives interest, late charges, and other charges on credit card debts after charge-off.

24.     It is the policy and practice of Comenity to not charge interest on credit card debts after charge-off.

25.     In fact, Delta was not authorized to add any interest, late charges, or other charges to Plaintiff's account, as the original creditor waived its right to do so.

26.     It is false for a debt collection letter to imply that the amount might vary when there is no circumstance under which interest or costs or late fees could be assessed. *Safdieh v. P & B Capital Grp., LLC*, No. CIV.A. 14-3947 FLW), 2015 WL 2226203, at *4 (D.N.J. May 12, 2015).

27.     It is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir.2012).

28.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29.     Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

30.     When a debt collector tries to collect interest, late charges or other charges that a creditor had waived, the debt collector violates § 1692e(2)(A). *McDonald v. Asset Acceptance LLC*, 11 C 13080, 296 F.R.D. 513, 2013 U.S. Dist. LEXIS 110829 at *9 (E.D. Mich. Aug. 7, 2013); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109 (N.D. Ill. 2014). See 12. C.F.R. §226.5(b)(2)(i).

31.     Defendant threatened to take an action they could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when they threatened to add "interest, late charges, and other charges" to the alleged debt.

32.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

33.     Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest, late charges and other charges.

34.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## <u>COUNT I- FAIR DEBT COLLECTION PRACTICES ACT-CLASS CLAIMS</u>

35.     Plaintiff re-alleges above paragraphs as if set forth fully in this count.

36.     Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and1692e(2)(a), when it falsely stated that "interest, late charges, and other charges" may continue to accrue on the alleged debt.

37.     Defendant threatened to take an action it could not legally take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threated to add "interest, late charges, and other charges" to the alleged debt.

38.     By threatening to collect interest, late charges and other charges, Defendant used unfair and unconscionable means in violation of 15 U.S.C. § 1692f.

39.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.  And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com